UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| I.M. A MINOR, BY AND THROUGH HIS PARENT AND GUARDIAN, AT LITEM, KAMAL METHTA (FATHER), AN INDIVIDUAL,<br><br>Plaintiff,<br><br>v.<br><br>SANTA CLARA UNIFIED SCHOOL DISTRICT, et al.,<br><br>Defendants. | Case No. 16-cv-00719-BLF<br><br>**ORDER APPROVING SETTLEMENT OF MINOR'S CLAIMS**<br><br>[Re: ECF 26] |

Plaintiff Kamal Mehta petitions the Court for an order approving the settlement of his minor son's claim. Mot., ECF 26. For the reasons stated below, the Court GRANTS the motion.

**I.   BACKGROUND[1]**

Minor I.M., by and through his guardian ad litem Kamal Mehta[2] (collectively "Plaintiffs"), filed this action against Santa Clara Unified School District ("SCUSD"), Robert Griffin, Joy Shmueli, and Leslie Robinson (collectively "Defendants"), alleging five causes of action: (1) violation of section 504 of the Federal Rehabilitation Act of 1973, 29 U.S.C. § 794; (2) violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*; (3) violation of 42 U.S.C. § 1983; (4) intentional infliction of emotional distress; and (5) negligent infliction of emotional distress. First Am. Compl. ("FAC"), ECF 9.

I.M. is diagnosed with autism, attention deficit disorder ("ADHD"), and associated deficits in speech and language, social skills, emotional regulation, and fine and gross motor activities. *Id.* ¶ 10. I.M.'s disabilities impair his ability to appreciate and understand the perspectives, emotions, and motivations of others, and he can be impulsive and appear easily frustrated or uncooperative.

---

[1] This section is based on allegations made in the First Amended Complaint. The Court accepts these allegations as true for the purposes of ruling on this motion.
[2] Mehta is also a party to this action.

*Id.* ¶ 11.

In August 2014, I.M. began attending kindergarten at Laurelwood, an elementary school in SCUSD. *Id.* ¶ 18. Although Mehta authorized an assessment plan and testing, I.M. began school at Laurelwood with no Individualized Education Plan ("IEP") or Behavioral Support Plan ("BSP") in place. *Id.* Upon entering Laurelwood, I.M. struggled with behaviors characteristic of his disabilities, including self-injury and acting out (sometimes aggressively) toward staff and other students. *Id.* ¶ 21. In response to this conduct, Defendants transferred I.M. to another classroom. *Id.* ¶ 22. Despite the obvious need for behavioral support, Defendants failed to initiate a Functional Behavioral Assessment ("FBA") or establish and implement a Behavior Support Plan ("BSP").

Kamal regularly and repeatedly communicated with the school, advised the District of its need to provide an appropriate educational environment and support for I.M., and asserted I.M.'s rights to behavioral support and academic accommodations. *Id.* ¶ 23. The school provided no accommodations. Additionally, between August 22, 2014 and October 2, 2014, Defendants placed at least six calls to Child Protective Services, alleging that Kamal was emotionally abusing his son. *Id.* ¶ 24. These calls continued until I.M. was removed from Laurelwood. *Id.*

## II. LEGAL STANDARD

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). "Rule 17(c) provides, in relevant part, that a district court 'must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.'" *Id.* (quoting Fed. R. Civ. P. 17(c)). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Id.* (quoting *Dacanay v. Mendoza,* 573 F.2d 1075, 1080 (9th Cir. 1978).

In cases involving the settlement of a minor's federal claims, a district court must consider whether the proposed settlement is fair and reasonable as to each minor plaintiff. *Id*. at 1182. "[T]he district court should evaluate the fairness of each minor plaintiff's net recovery without

regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id.*

While the *Robidoux* Court expressly limited its holding to settlement of a minor's federal claims, "district courts have found the *Robidoux* rule reasonable in the context of state law claims and have applied the rule to evaluate the propriety of a settlement of a minor's state law claims as well." *Frary v. Cnty. of Marin*, Case No. 12-cv-03928-MEJ, 2015 WL 3776402, at *1 (N.D. Cal. June 16, 2015); *see also Mitchell v. Riverstone Residential Grp.*, No. S-11-2202, 2013 WL 1680641, at *1 (E.D. Cal. Apr. 17, 2013) (collecting cases). California law, which governs the state law causes of action, also requires that a settlement for a minor be approved by the court. *See* Cal. Prob. Code § 3601; Cal. Fam. Code § 6602.

### III. DISCUSSION

Under the proposed settlement, SCUSD will pay a total of $7,500 to Mehta for distribution for his son's needs. Mot. 3. Additionally, the parties have already settled a related dispute over any educational harm that I.M. may have suffered. Tollner Decl. ¶ 4, ECF 26-1. In light of the facts of the case, the minor's claims against the Defendants, and the settlement of disputes regarding educational harm, the Court finds that the net amount to be distributed is fair and reasonable. The terms achieve the goal that I.M. and his father had for bringing the lawsuit. Accordingly, the Court APPROVES the settlement of I.M.'s claims.

### IV. ORDER

Based on the foregoing, it is hereby ORDERED that Kamal Mehta shall receive $7,500 by way of settlement for distribution for his son's needs. Mehta is authorized and directed to execute any and all documents reasonably necessary to carry out the terms of the settlement.

The parties shall file their stipulation of dismissal of the entire case with prejudice or a status update on or before December 7, 2016.

**IT IS SO ORDERED.**

Dated: November 16, 2016

_____
BETH LABSON FREEMAN
United States District Judge